<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>THOMAS CAPACE, | Crim. Action No. 98-cr-121<br><br>**MEMORANDUM ORDER** |

Defendant Thomas Capace is a state prisoner in New York. In 1997, Mr. Capace was sentenced in New York state court to a 32 ½-year-to-life state sentence. D.E. 47 at 18. Mr. Capace is not eligible for parole on that sentence until 2028. D.E. 47 at 18.

In 1999, Mr. Capace also pled guilty in this Court to bank robbery and received a federal sentence of 24 months in prison, to run concurrently to the state sentence, followed by a three-year supervised release term. D.E. 37. The 24-month incarceration term ended on September 11, 2002.

Mr. Capace now moves to terminate his federal supervised release. D.E. 47. The Government opposes Mr. Capace's request as premature. D.E. 51. The appointed Federal Public Defender joined in the government's legal analysis regarding ineligibility to proceed with a motion for early termination of supervision and declined to file anything further.

The Court agrees with the Government. A defendant's term of supervised release begins "the day the person is released from imprisonment," and "does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624(e). This is important because a court may end a term of supervised release early, but only "after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1); *see United States v. Johnson,* 529 U.S.

53, 60 (2000). Though Mr. Capace's federal incarceration term expired long ago, his federal supervised release term has not yet begun because he remains in state prison. And because supervised release has not begun, Mr. Capace cannot yet move for early termination.

**IT IS**, therefore, on this **10th** day of **January** 2023,

**ORDERED** that the Clerk of Court shall **RE-OPEN** this case solely for the purposes of this Order; and it is further

**ORDERED** that Defendant's motion for early termination (D.E. 47) is **DENIED** without prejudice as premature; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this order to Mr. Capace and shall **CLOSE** this case.

Dated: January 10, 2023

_____
Evelyn Padin, U.S.D.J.